## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1474-D |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | (Remanded to Oklahoma County |
| COMPANY; and MARK D. WELTY | ) | District Court, Case No. |
| INSURANCE AGENCY, INC., | ) | CJ-2025-3577) |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 8]. Defendant State Farm Fire and Casualty Company filed a response [Doc. No. 9], to which Plaintiff replied[1] [Doc. No. 10]. The matter is fully briefed and at issue.

### PLAINTIFF'S ALLEGATIONS

Plaintiff's home was damaged by a storm during the term of his homeowner's policy, issued by State Farm. [Doc. No. 1-3, at ¶ 1]. When Plaintiff purchased the property, he was required to obtain indemnity insurance to cover loss sustained by the property. *Id.* at ¶ 10. Plaintiff "contacted [Mark D. Welty Insurance Agency, Inc. (Welty)] to investigate and assess whether Plaintiff would procure indemnity insurance to cover loss sustained by the Property from State Farm." *Id.* at ¶ 11. Plaintiff discussed with Welty about the coverage afforded by State Farm's home insurance and "specifically inquired about the

---

[1] Plaintiff's reply was 153 pages, including exhibits. Plaintiff's counsel is reminded that, per LCvR5.2(c), for any electronically filed document exceeding 40 pages, counsel must provide the Court with a paper copy.

1

need for indemnity coverage for loss sustained by the Property arising from multiple causes of loss, including fire, severe weather, earthquake, and flood." *Id.* at ¶ 12.

Plaintiff further alleges that "Welty assured Plaintiff that the [policy] would provide replacement cost value ('RCV') coverage for his Property unless there was a specific exclusion that applied to negate coverage," and that "[a]t no time did Welty disclose to Plaintiff that any portion of the Property, including the roof of the home on the Property, had existing damage that would be excluded from coverage under the [policy]." *Id.* at ¶¶ 13, 16. Rather, "Welty assured Plaintiff that the coverage provided by the [policy] was among the broadest coverage forms available, subject only to the exclusions specifically identified in the [policy]." *Id.* at ¶ 17.

According to Plaintiff, "Welty, at the time the Plaintiff procured the [policy] through it, knew or should have known that State Farm … as a matter of its regular business practices, misinterprets and misapplies the language of the [policy] … to claims arising from wind and/or hail events in violation of bright line principles of Oklahoma law for the wrongful purpose of denying and underpaying those claims." *Id.* at ¶ 21. Plaintiff further alleges that Welty "owed a duty of professional care to the Plaintiff to fully disclose its knowledge of the manner in which State Farm" misinterprets and misapplies policy language to deny or underpay claims. *Id.* at ¶ 22.

Plaintiff submitted a home insurance claim with State Farm in late 2024, and State Farm assigned a loss date of May 21, 2024. *Id.* at ¶¶ 27, 30. After inspecting Plaintiff's property, State Farm determined there was a total replacement cost value of $4,143.91. *Id.* at ¶¶ 31-32. After accounting for depreciation and Plaintiff's $4,135.00 deductible, State

2

Farm initially determined that it owed no payment to Plaintiff. *Id.* at ¶ 33. "Months after its initial claim determination, … State Farm issued payment to Plaintiff in the amount of $955.02." *Id.* at ¶ 36.

State Farm's claim determination "was based, in part, on its determination that none of the shingles on the roof of Plaintiff's home sustained any covered [Accidental Direct Physical Loss (ADPL)] as a result of hail." *Id.* at ¶ 41. Plaintiff alleges that State Farm "utilizes a technical engineering definition of 'hail damage' … that requires bruising or fracturing of a shingle mat and excludes granule loss caused by hail strikes." *Id.* at ¶ 47. However, the policy "does not include any language notifying insureds that damage caused by hail will not fall within the scope of covered ADPL unless that damage exhibits evidence of shingle mat bruising or fracturing." *Id.* at ¶ 48.

Based on the foregoing allegations, Plaintiff initiated suit against State Farm and Welty. State Farm filed a timely Notice of Removal [Doc. No. 1], in which it contends that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. Although Welty is a non-diverse party, State Farm contends that Welty was fraudulently joined by Plaintiff to defeat diversity jurisdiction.

Before the Court is Plaintiff's motion to remand, arguing that State Farm cannot establish fraudulent joinder and that this case should be remanded to the District Court of Oklahoma County.

**STANDARD OF DECISION**

"To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish

3

a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, State Farm must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," State Farm must show under the "actual fraud" prong that Plaintiff essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, State Farm must show that there is no possibility that Plaintiff would be able to establish a cause of action against Welty in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[2] (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82

---

[2] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

(10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## DISCUSSION

### I.    Inability to State Cause of Action

Under Oklahoma law, "constructive fraud [or negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [his] prejudice, or to the prejudice of any one claiming under him[.]" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (quoting OKLA. STAT. tit. 15, § 59). "This duty could arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter." *Foster v. State Farm Fire & Cas. Co.*, No. CIV-24-222-PRW, 2025 WL 392728, at *3 (W.D. Okla. Feb. 4, 2025) (citing *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008)).

Based on the above allegations contained in Plaintiff's Amended Petition [Doc. No. 1-3], and although Plaintiff's claims against Welty are not a "sure-thing," the Court finds that State Farm has not met its heavy burden to establish with complete certainty that Plaintiff cannot establish a claim against Welty in state court. *See Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006); *Montano*, 2000 WL

525592, at *2 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."); *see also Coover v. State Farm Fire and Cas. Co., et al.*, No. CIV-25-334-PRW, 2025 WL 3470868 (finding remand appropriate where "open questions remain regarding the scope of the agents' roles in procurement of the policies, whether [the] [p]laintiffs requested or were promised more extensive coverage than they received, the precise duties that may be imposed on insurance agents under Oklahoma law, the representations made by the agents, the existence and the agents' knowledge of a widespread scheme to shortchange insured parties when making claims for hail and wind damage, and more."). Accordingly, the Court finds that State Farm has not met its "heavy burden" to establish fraudulent joinder, and remand is appropriate.

## II.    Actual Fraud in the Pleading of Jurisdictional Facts

As stated above, to establish actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2. In this case, State Farm argues in its Notice of Removal that Plaintiff has engaged in fraud in the pleading of jurisdictional facts by utilizing near-identical complaints.[3] However, this Court has previously found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Pruitt v. State Farm Fire & Cas. Co.*, No. CIV-25-43-D, 2025 WL 1030353, at *4 (W.D. Okla. Apr. 7, 2025). State Farm's arguments for actual fraud in the pleadings speak to the merits of Plaintiff's

---

[3] State Farm appears to have abandoned its argument as to actual fraud in the pleading of jurisdictional facts by failing to address it in response to Plaintiff's motion to remand.

underlying claims, not whether Plaintiff committed actual fraud in the pleadings. For these reasons, the Court finds that State Farm has not met its high burden to show actual fraud in the pleading of jurisdictional facts.

## CONCLUSION

For the reasons stated herein, the Court finds that State Farm has not established fraudulent joinder, and this Court lacks subject-matter jurisdiction. **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 8] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 8th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

7